*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-118

OCTOBER TERM, 2014

| | | |
|---|---|---|
| Katherine Amy O'Neil | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Addison Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Shawn O'Neil | } | DOCKET NO. 236-12-12 Andm |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Wife appeals the court's final divorce order. On appeal, wife argues that the court abused its discretion in dividing the marital property because she states that husband received the entirety of his retirement account, the parties' only substantial asset, while wife was saddled with the sole responsibility of repaying her educational debt. We affirm.

The court found the following. The parties were married in 1998 and separated in September 2012 when wife asked husband to leave the marital residence. Three children were born during the marriage. At the time of the final hearing, wife was 41 and husband was 47. Wife graduated from college before the parties were married. Husband graduated from college in 1999 and supported the family financially during the first ten years of the marriage. Wife was the primary caregiver for the children and then went back to school to obtain a nursing degree, and eventually a nursing license in 2008. Wife presently works as a school nurse and earns an annual salary of $42,417. Husband works at Middlebury College and earns $42,000 annually. The court found that husband's salary will not increase by much in the foreseeable future because he does not hold a professional degree and does not have easily transferable skills.

The parties had few assets to distribute. Both had vehicles and personal property, but they did not own any real property. The parties' main asset was husband's retirement account, which was accrued during the marriage and worth $79,889.42 at the time of the final hearing.[1] At trial, wife requested half of the account. Wife testified that she had student loans of $141,897, most of which were associated with obtaining her undergraduate degree prior to the marriage. Husband also testified that he had college loans, which he accrued before and during the marriage.

---

[1] The evidence demonstrated that husband's plan was worth $79,889 at the time of the final hearing. Although the court's decision states that the account had $70,889, this appears to be simply a typographical error that does not impact the result at trial or the decision on appeal.

The parties agreed to share physical parental rights and responsibilities, and the court divided the legal rights between the parties.

The relevant portions of the court's property division decision are as follows. The court granted husband his entire retirement account. The court cited four reasons for its decision. First, the court noted that husband is six years older than wife and therefore has less time to build up a retirement account. Second, the court found that husband's income is not likely to increase substantially. Third, the court found that wife has the ability to earn significantly more than her current salary. The court pointed to the facts that wife had worked as a camp nurse one summer, earning $8000, and that wife had worked, and could work in the future, at the hospital for $28 an hour or more. Finally, the court found that husband had contributed to wife's current position by working and making it possible for wife to earn her nursing degree. The court denied husband's request for spousal maintenance because he has sufficient income to provide for his reasonable needs and is able to support himself at the standard of living established during the marriage.[2] The court ordered both parties to be solely responsible for their student loans and any other debts.

Pursuant to statute, the family court is required to "equitably divide and assign the property." 15 V.S.A. § 751(a). The trial court enjoys broad discretion in dividing the marital property, and we will uphold its decision unless that discretion was withheld or abused. Gravel v. Gravel, 2009 VT 77, ¶ 16, 186 Vt. 250.

Wife first argues that the court failed to carry out its statutory duty to divide the marital property because it granted husband 100% of the marital assets. There is no merit to this argument insofar as husband did not receive the entirety of the martial assets. The court gave some property to wife—two cars, her life insurance policy, personal belongings—and gave other property husband—his retirement account, his car, his life insurance policy and his personal property.[3] That the court did not divide the retirement account does not equate to a failure to divide the marital property generally.

Next, wife contends that the court abused its discretion in evaluating the statutory factors and granting husband a disproportionately large share of the marital assets. Wife contends that an equitable division of property begins with a presumption that the division will be equal, and

_____

[2] The court acted inconsistently in finding that husband was not qualified to receive maintenance, and at the same time, indicating that the property settlement was in lieu of maintenance. Property may be awarded in lieu of maintenance only if the recipient is entitled to maintenance under the statute. This error does not require reversal since the court's other findings support its property division.

[3] In support of her argument that the court must divide a retirement account, wife relies on Hayden v. Hayden, 2003 VT 97, 176 Vt. 52. In that case, this Court reversed the trial court's decision to award the husband his entire retirement account because the court had undervalued the retirement account by excluding the amount accrued prior to the marriage, and had failed to explain a basis for its decision. Id. ¶¶ 8, 14-15. Here, there is no similar error because the court properly valued husband's account, fully considered the statutory factors, and provided an explanation for its decision.

here, husband essentially received all of the assets while wife was left with nothing but her entire student debt.

The distribution of marital property "is not an exact science; all that is required is that the distribution be equitable." Gravel v. Gravel, 2009 VT 77, ¶ 16, 186 Vt. 250. Contrary to wife's assertion, the family court is not required to make an equal division of property. See Goodrich v. Goodrich, 158 Vt. 587, 593 (1992) (explaining that equal division is not necessary to achieve equity). A disparate property division is not "facially inequitable," and will not be reversed as long as the family court makes adequate findings, which are supported by the evidence. Wade v. Wade, 2005 VT 72, ¶ 20, 178 Vt. 189.

Here, the court evaluated the statutory factors and made a decision within its discretion. The factors to be considered include, among other things, the parties' age and health, the parties' occupations and income, the parties' skills, the parties' contributions to the education or earning capacity of the other, the party's property interests and liabilities, the parties' opportunity for the acquisition of future income, whether the settlement is in lieu of maintenance, the party through whom property was acquired, and the parties' contributions to the value of the marital estate. 15 V.S.A. § 751(b). The court properly considered the following facts in awarding husband his entire retirement account: wife is younger than husband and therefore has more time to build up a retirement account; wife has a professional degree and more opportunity for future income and acquisition of property; husband contributed to wife's ability to obtain a professional degree by earning income and supporting the family while she was in school; and the settlement was in lieu of maintenance.

Wife contends that several of these findings are not supported by the evidence. She first asserts that the court lacked an evidentiary basis to find that husband will have less time to build up a retirement account because there was no evidence from which the court could determine the rate at which husband had or was contributing to his retirement, or how it would accrue. There was no error. Based on the evidence that husband was six years older than wife, it was reasonable for the court to conclude that wife had a longer time to build up a retirement fund. Wife also argues that that there was no evidence to support the court's finding that husband's salary would likely not increase substantially in the foreseeable future. This finding is adequately supported by the fact that husband does not have a graduate or professional degree, and husband's testimony that he does not expect to change jobs and expects only modest annual increases in his salary. Finally, wife argues that the court erred in concluding that she could earn more than her present annual income. This finding is supported by the evidence that wife reported an annual income of $52,000 on a bank application, and wife's testimony that she had earned $8000 working at a summer camp, and $28 an hour working at the hospital.

Apart from the sufficiency of the evidence, wife contends that the court's evaluation of the statutory factors was erroneous. She argues that the court failed to consider that she would have less debt if the parties' marital resources had not been diverted to husband's retirement account. Therefore, she asserts that the court did not consider "the contribution of each spouse in the acquisition, preservation, and depreciation or appreciation in value of the respective estates" because her acquisition of debt and husband's acquisition of his retirement fund were correlated." 15 V.S.A. § 751(b)(11). There was no error. First, according to wife's testimony, her education debt accrued during the marriage was $30,000—only a small part of her entire college loans. Second, there was no evidence to indicate that husband was able to divert his

3

retirement contributions towards his wife's education expenses or that this would have improved the parties' financial situation.

Finally, we note that wife portrays the family court's decision as giving husband 100% of the assets while saddling her with 100% of the parties' debt. This characterization is false. As set forth above, husband certainly received the parties' largest asset, but wife also received some assets in the division of property. Further, the evidence indicated and the court found that both parties have college debt. Therefore, it is not accurate to say that the court made wife solely responsible for all of the debt.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice

4